IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00096-MR

| | |
|---|---|
| **KERRI LEE REYES,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **KILOLO KIJAKAZI,** Acting ) <br> **Commissioner of Social Security,** ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before this Court on Plaintiff's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA") [Doc. 15].

**I.  PROCEDURAL HISTORY**

Kerri Reyes ("Plaintiff") initiated this action on May 19, 2022, seeking review of the denial of her claim for benefits by the Commissioner under the Social Security Act. [Doc. 1]. The Commissioner filed her Answer to Plaintiff's Complaint on August 22, 2022. [Doc. 7]. On October 24, 2022, Plaintiff filed her Motion for Summary Judgment, along with a Memorandum in Support. [Docs. 10–11]. Thereafter, on December 19, 2022, the Commissioner filed a Consent Motion to Remand to the Social Security

Administration [Doc. 12], which this Court granted on January 3, 2023. [Doc. 13].

On March 31, 2023, Plaintiff filed a Motion for Attorneys' Fees pursuant to EAJA, 28 U.S.C. § 2412(d). [Doc. 15]. Specifically, Plaintiff seeks an award of fees in the amount of $10,689.20, representing 44.75 hours of total work performed by her attorneys George Piemonte, Michel Phillips, and Laura Beth Waller, at rates ranging from $230.82 to $239.25. [See docs. 16, 16-2 at 1–3]. Plaintiff also seeks an award of $424.59 in costs. [See doc. 16]. The Commissioner filed her Response in Opposition to Plaintiff's Motion on April 14, 2023 [Doc. 18], and Plaintiff filed her Reply to the Commissioner's Response on April 21, 2023. [Doc. 19]. Having now been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Under EAJA, this Court must award attorneys' fees to a prevailing party in a civil action brought against the United States unless it finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this Court ordered the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff is

properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While the Commissioner concedes that Plaintiff is the prevailing party in this action, that she is entitled to fees, and that the rate charged by her attorneys is reasonable, the Commissioner contends that the number of hours claimed by Plaintiff's attorneys are excessive. As such, the Commissioner argues that this Court should reduce the award of fees requested by Plaintiff. [See doc. 18 at 4, 6].

Under EAJA, an award of attorneys' fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating to this Court that the number of hours charged are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This Court has broad discretion in determining what constitutes a reasonable fee award. See May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

Here, Plaintiff's attorneys claim a total of 44.75 hours for preparing Plaintiff's Complaint and her summary judgment brief, including time spent reviewing the case file. [See doc. 16-2 at 1–2]. Specifically, Attorney Piemonte spent 2.55 hours considering whether to accept this matter,

3

drafting the Complaint, and reviewing the answer. [Id. at 1]. Attorney Phillips spent 40.4 hours "analyzing medical evidence, making preliminary notes for potential legal arguments," drafting Plaintiff's summary judgment brief, and proof reading. [Id. at 1–2]. Attorney Laura Beth Waller spent 1.8 hours reviewing and finalizing Plaintiff's summary judgment brief. [Id. at 2].

The Commissioner argues that the time spent by Attorney Phillips drafting Plaintiff's summary judgment brief, analyzing medical evidence, and making preliminary notes is excessive. [Doc. 18 at 3–5]. Specifically, the Commissioner notes that the medical record here was not particularly voluminous, that the issues presented were not complex, and that the time entries for reviewing and editing Plaintiff's summary judgment brief are duplicative, unnecessary, and should not be allowed. [Id.]. For her part, Plaintiff argues that the time spent on the case was reasonable, as evidenced by the quality of the briefs, and that the time spent reviewing her briefs was not redundant. [Doc. 19 at 2–7].

Upon careful review of the record in this matter and counsel's time entries, this Court finds that the hours claimed by Plaintiff's attorneys in this matter are excessive and duplicative. Specifically, Attorney Phillips entered five entries, billing 26.8 hours in total, for "drafting brief—analyzing medical evidence, making preliminary notes for potential legal arguments." These

4

Case 1:22-cv-00096-MR   Document 20   Filed 11/06/23   Page 4 of 8

repeated entries are vague and fail to explain what specific activities Attorney Phillips was engaged in during that time. As such, this Court cannot conclude that all this time was reasonably incurred and will reduce these hours by half. In addition, the time spent by Attorneys Phillips and Waller reviewing, editing, and finalizing Plaintiff's brief is duplicative. Therefore, this Court will not allow these 2.1 hours. Accordingly, this Court will deduct a total of 15.5 hours from the time claimed by Attorneys Phillips and Waller.

## III. CONCLUSION

After consideration of the deductions outlined above, this Court will award Plaintiff the following amount[1] as an award of reasonable fees and expenses under EAJA:

| | | |
|---|---|---|
| 1.5 attorney hours x $230.82 | = | $346.23 |
| 1 attorney hour x $234.66 | = | $234.66 |
| 0.05 attorney hour x $237.77 | = | $11.89 |
| 26.7 attorney hours x $239.25 | = | $6,387.98 |
| **Total:** | | **$6,980.76** |

---

[1] The first three figures represent the hours worked by Attorney Piemonte. The fourth figure was arrived at by adding the total reasonable number of hours of work performed by Attorney Phillips in this matter.

Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as her assignee. In support of this request, Plaintiff submitted a fee agreement she executed, pursuant to which she agrees to assign any EAJA fee award to her counsel. [Doc. 16-1 at 1]. This Court finds that the Commissioner should accept this assignment of fees by Plaintiff to her counsel and upon receipt of such assignment, the Commissioner shall pay the award of fees directly to Plaintiff's counsel, provided that it is shown that Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 586 (2010).

Plaintiff also requests an award of $424.59 in costs. [See doc. 16 at 5]. However, the documentation that she submitted in support of this award only establishes that she paid a filing fee of $402.00. As such, this Court will award her $402.00 in costs and will deny the remainder of this request.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)  Plaintiff's Motion [Doc. 15] is hereby **GRANTED IN PART** to the extent that Plaintiff is hereby awarded attorneys' fees in the amount of Six Thousand Nine Hundred and Eighty Dollars and Seventy-Six Cents ($6,980.76), which sum is in full satisfaction

of any and all claims by Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by this Court upon good cause shown, the Commissioner shall inform Plaintiff's counsel whether Plaintiff owes a debt to the Government by which this fee award may be offset. Before any funds are disbursed to counsel, Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3) **IT IS FURTHER ORDERED** that Four Hundred and Two Dollars ($402) in costs shall be reimbursed to Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury;

(4) In the event that past-due benefits are awarded on remand, Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**   Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge