# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:22-cv-00096-MR

| | | |
|---|---|---|
| KERRI LEE REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court on the Plaintiff's "Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b)" [Doc. 21].

## I.    PROCEDURAL BACKGROUND

On May 19, 2022, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision denying her application for benefits under the Social Security Act.  [Doc. 1].  On December 19, 2022, the Commissioner filed a Consent Motion to Remand.  [Doc. 12].  Thereafter, on January 3, 2023, this Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  [Doc. 13]. On November 6, 2023, this Court awarded the Plaintiff attorney's fees in the amount of $6,980.76 in full satisfaction of any and all claims by the Plaintiff

pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). [Doc. 20].

On March 26, 2024, the Commissioner issued a Notice of Award to the Plaintiff explaining her past due benefits and stating that $20,839.25, representing 25% of her back benefits, was being withheld from her award to pay any award of attorney's fees. [Doc. 22-1]. The Plaintiff and her attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. [Doc. 22-2].

The Plaintiff's counsel now seeks an award of $8,839.25 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 21].

## II.   DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment

2

favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens *ex rel.* R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, in making his fee request pursuant to § 406(b), the Plaintiff's counsel has simply offset the total amount of § 406(b) fees he seeks, $15,820.01, by the amount he received under the EAJA, $6,980.76, rather than stipulating to issuing the Plaintiff a refund of the EAJA fee award. However, the plain language of the Social Security Act contemplates that where a plaintiff's counsel seeks fee awards under both statutes, counsel will "refund" the smaller award to the plaintiff. The statute does not authorize the

3

Plaintiff's counsel, nor this Court, to offset the awards in the manner advocated by Plaintiff's counsel.  As such, § 406(b) fees will be awarded in this matter in the typical manner and the Plaintiff's counsel will be required to refund the smaller fee award to the Plaintiff.[1]

Turning to the fees available to the Plaintiff's counsel under § 406(b), the Plaintiff and her counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay "no more than 25% of all back benefits" awarded to her counsel.  As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel.  As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness."  Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

---

[1] Some courts have recently signaled that awarding fees in the manner that the Plaintiff's counsel requests is permissible.  See, e.g., Widmer v. Kijakazi, 668 F. Supp. 3d 446, 447 (E.D. Va. 2023).  However, several of the courts that have awarded fees in this way have specifically noted that it is a disfavored method and that a court does not abuse its discretion by awarding fees in the traditional way.  See O'Donnell v. Saul, 983 F.3d 950, 959 (7th Cir. 2020); McGraw v. Barnhart, 450 F.3d 493, 497 n.2 (10th Cir. 2006). Additionally, many district courts have declined to award fees as Plaintiff's counsel requests.  See, e.g., Chandler v. Kijakazi, No. 4:20-cv-517-ALM-KPJ, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023); Koroma v. Comm'r of Soc. Sec. Admin., No. CV-19-04459-PHX-DWL, 2021 WL 3190727, at *1-*2 (D. Ariz. July 28, 2021).  Therefore, even assuming *arguendo* that it would be permissible to award the Plaintiff's counsel fees in the manner he requests, this Court would exercise its discretion and decline to do so.

4

This Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and that the contingency fee agreement executed by the Plaintiff and her counsel is reasonable. Additionally, the Court notes that although the Plaintiff's counsel was entitled to seek 25% of the Plaintiff's back benefits as his fee in this matter, he has sought less than 19% of said benefits. For these reasons, the Plaintiff's motion for attorney's fees will be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b)" [Doc. 21] is hereby **GRANTED.** An award of attorney's fees in the amount of Fifteen Thousand Eight Hundred Twenty Dollars and One Cent ($15,820.01) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby **APPROVED.**

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, the Plaintiff's counsel shall refund to the Plaintiff the sum of Six Thousand Nine Hundred Eighty Dollars and Seventy-Six Cents ($6,980.76), representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 42 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order shall be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

5

**IT IS SO ORDERED.**

Signed: May 10, 2024

Martin Reidinger
Chief United States District Judge

6